# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE CO., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2986 |
| | § | |
| NEVCO WATERPROOFING, INC., | § | |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| EVANSTON INSURANCE CO., | § | |
| Third-Party Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| HOUSTON CONCIERGE CARE, L.P. | § | |
| and CONCIERGE NURSING | § | |
| CENTERS, INC., | § | |
| Counter-Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| LEICHT GENERAL AGENCY and | § | |
| TEXAS WORLDWIDE | § | |
| INSURANCE AGENCY, | § | |
| Third-Party Defendants. | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court are various motions.  First is an Order to Show Cause

[Doc. # 47] why Plaintiff Nautilus Insurance Company's ("Nautilus") duty to

P:\ORDERS\11-2004\2986TimingJudgment.wpd  050803.1405

indemnify claim should not be dismissed without prejudice as nonjusticiable; and why final judgment should not be entered that Nautilus has a duty to defend Nevco Waterproofing, Inc. ("Nevco") in a lawsuit filed against Nevco by Concierge Care Nursing Centers, Inc. and Houston Concierge Care, L.P. (collectively, "Concierge"). Nevco has filed a Response to the Court's Order to Show Cause [Doc. # 48], and Nautilus has responded to the Court's Order by letter dated July 20, 2005.[1]   This matter is ripe for adjudication.

Nautilus has filed a Motion for Entry of Rule 54(b) Certificate and/or Motion for Entry of Sua Sponte Summary Judgment [Doc. # 50].  Also pending is a Motion to Sever filed by Third-Party Defendant Evanston Insurance Company ("Evanston's Motion") [Doc. # 42].  No party has responded to Evanston's Motion.

Having considered the parties' submissions, all matters of record, this Court's prior rulings, and the applicable legal authorities, the Court concludes that the issue of Nautilus's duty to indemnify Nevco is not yet ripe and Nevco's claim that Nautilus owes a duty to indemnify is presently non-justiciable.  The Court lacks original jurisdiction over Nevco's Third-Party claims against Leicht General Agency and

---

[1]   Nautilus's letter, not previously filed of record, will be docket hereafter.  In addition, although the Court's show cause order was not specifically directed to Third-Party Defendant Evanston Insurance Company ("Evanston"), that party has filed a Reply to Nevco's Response [Doc. # 49].  The Court will consider Evanston's submission.

Texas Worldwide Insurance Agency.  The Court exercises its discretion to decline to

retain these claims, which will be dismissed without prejudice.  The Court concludes

that Evanston's Motion to Sever and Nautilus's Motion for Entry of Rule 54(b)

Certificate and/or Motion for Entry of Sua Sponte Summary Judgment each should

be **denied as moot**.  Concluding that there are no live claims appropriate for

adjudication at this time, the Court will enter final judgment in this case.

## I.     <u>BACKGROUND</u>

The facts of this case are detailed in a Memorandum and Order dated April 19,

2005 (April 19 Memorandum") [Doc. # 39] and a Memorandum and Order issued on

July 11, 2005 ("July 11 Memorandum") [Doc. # 47].  In the April 19 Memorandum,

the Court concluded that Evanston has no duty to defend or indemnify Nevco in  in

a lawsuit filed in state court by Concierge, *Concierge Care Nursing Centers, Inc. v.*

*Adams Insurance Services, Inc.*, Cause No. 2002-15652, in the 151st District Court

of Harris County, Texas (the "underlying suit" or "*Concierge* suit").  In the July 11

Memorandum, the Court concluded that Nautilus has a duty to defend Nevco.  The

Court ordered Nevco and Nautilus to show cause why the remaining claims in this

federal case should not be dismissed as nonjusticiable and why final judgment should

not be entered on all the Court's rulings.  Nautilus responded by letter to the Court's

Show Cause Order, urging that Nevco's duty to indemnify claim against it should be

dismissed without prejudice.  Nautilus then moved for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Evanston filed a severance motion requesting severance in order to obtain a final judgment on the Court's April 19 Memorandum dismissing Nevco's claims that Evanston had a duty to defend and indemnify against Evanston.  The Court notes that Evanston's claim against Concierge as a necessary party to this suit remains pending, although Evanston makes no argument that it seeks to proceed against Concierge on any basis.

Nevco in its Response to the Court's Show Cause Order presents three arguments why the Court should not enter final judgment in the case.  First, Nevco points out that it has filed third-party claims against Leicht General Agency and Texas Worldwide Insurance Agency (the "agency defendants").  Nevco urges that these claims remain active, and under Rule 54(b) of the Federal Rules of Civil Procedure, a court may direct the entry of final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay.  Second, Nevco claims that it still has a pending claim for attorney's fees against Nautilus under the Texas Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE §37.009.  Finally, Nevco argues that judgment should not be entered on the duty to indemnify claim because the evidence and findings on the underlying suit may

in the future reveal facts different from those alleged in the complaint on which the

Court relied, and that the new facts may give rise to a duty on Evanston to indemnify

Nevco.  The Court addresses Nevco's second and third arguments, and then turns to

Nevco's claims against the agency defendants.

## II.   NEVCO'S CLAIMS AGAINST INSURERS

### A.   Nevco's Claim for Attorney's Fees

Nevco claims that final judgment cannot be entered on its duty to defend claim

against Nautilus because it still has a pending claim for attorney's fees under the

Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code § 37.009.  This

argument is rejected.  First, the Texas Declaratory Judgment Act is a procedural act

that does not apply in this federal court; the applicable procedural law is the United

States Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.[2]  *See Utica Lloyd's of*

*Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (stating that the Texas Declaratory

Judgment Act is procedural law).  Federal courts apply federal rules of procedure and

state substantive law in cases brought under federal courts' diversity jurisdiction.  *See*

---

[2]     The Federal Declaratory Judgment Act "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action." *Mercantile Nat'l Bank v. Bradford Trust Co.,* 850 F.2d 215, 218 (5th Cir. 1988). Furthermore, the "otherwise . . . available" source of attorney's fees required under § 2202 must be a substantive source. *See Mitchell*, 138 F.3d at 210 ("[A] party may not rely on the Texas [declaratory judgment act] to authorize attorney's fees in a diversity case because the statute is not substantive law."); *accord Travelers Indem. Co. v. Citgo Petroleum Corp*., 166 F.3d 761, 772 (5th Cir. 1999).

*id.* (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415 (1996)); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).[3]  Thus, Nevco's reliance on the Texas Declaratory Judgment Act for attorney's fees is unavailing.  Because Nevco has not identified a substantive basis for attorney's fees, its duty to defend claim is subject to final judgment at this time.  Moreover, under the well-established American Rule followed by federal courts, "absent statute or enforceable contract, litigants pay their own attorneys' fees."  *Houston Cas. Co. v. Certain Underwriters at Lloyd's London,* 51 F. Supp. 2d 789, 806 (S.D. Tex. 1999) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 257 (1975)).  Nevco cites no substantive basis for an award of attorneys' fees.  In any event, if fees were properly sought, they could be addressed as a post-judgment matter.  *See* FED. R. CIV. P. 54(d)(2)(B).  Nevco's request for attorneys' fees is not a basis to defer entry of final judgment on its duty to defend claim.

### B.    Nevco's "Duty to Indemnify" Claim Against Evanston

In the April 19 Memorandum, this Court held that Evanston had no duty to defend or duty to indemnify Nevco.  The Court based its holding on the allegations

---

[3]      There is no dispute that this Court's subject matter jurisdiction is based on diversity of citizenship.

in the operative petition in the *Concierge* suit.  Those allegations plainly trigger an exclusion under the Evanston policy issued to Nevco.

In its Response to the Court's Order to Show Cause, Nevco indicates that the evidence at trial may vary from the allegations in the petition and show that the exclusion does not apply.  Nevco claims its evidence would show that the mold-related damage to the Concierge property was caused by humidity related to defective air conditioning and improper selection of wall covering materials, not the invasion of water or moisture, as the petition in the underlying suit alleges.  Nevco raised a similar contention in connection with the parties' earlier summary judgment motions when Nevco argued that the mold could have resulted from a defective product, such as wall coverings or wall covering adhesive.[4]  The Court addressed this contention in the April 19 Memorandum, at pages 13-14.  The Court had authority to reach the duty to indemnify question in this case, *see Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997), because "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify."  *Id.*; *Collier v. Allstate County Mut. Ins. Co.*, 64 S.W.3d 54, 62

---

[4]       *See* Joint Supplemental Response of Nevco Waterproofing, Inc., et al. to Evanston's Reply to Joint Response to Motion for Summary Judgment of Evanston Insurance Co., at 7-8.

(Tex.App.–Fort Worth 2001).[5]   Nevco's speculation about conceivable future developments in the Concierge litigation does not provide a basis at this time to defer entry of judgment on the Court's rulings concerning Evanston's duties.[6]

### C.      Conclusion on Nevco's Claims Against Its Insurers

Nautilus has a duty to defend Nevco.  Final judgment is appropriate on this claim at this time because Nevco has not identified a valid substantive basis for attorney's fees and the issue of fees may be handled post-judgment, if necessary.

---

[5]     The Court, however, rejects Evanston's assertions in its Reply to Nevco's Response that a court in analyzing the duty to indemnify is restricted to the "eight corners" of the petition in the underlying lawsuit and the applicable insurance policy in order to determine a duty to indemnify.

[6]     In the April 19 Memorandum, the Court held that the Contractor Limitation Exclusion in the Evanston policy precludes the duty to defend and/or to indemnify. That exclusion applies to "property damage" "arising out of inadequate, improper, faulty or defective construction" "caused by the invasion of water or moisture including, but not limited to, mold, mildew, rot and deterioration of the property." Notably, Concierge (to the Court's knowledge) has not pleaded Nevco's suggested theory that the mold was caused by defective air conditioning or ill-chosen wallpaper. This Court cannot predict the outcome of the underlying suit. In any event, Nevco's theory appears primarily to be in the nature of a defense, not a likely basis for liability against Nevco. If Nevco can prove its causation claims and can show it was not responsible for the alleged air conditioning defects or the alleged negligent wallpaper selection, it is hard to imagine that Nevco would be found liable. In the absence of liability, Nevco would have no claim against Evanston for indemnity.  If, on the other hand, Nevco were held liable despite prevailing on its suggested theory, there remain issues whether Nevco's actions fall within the definition of "construction" under the policy exclusion and/or whether the damages for which Nevco is held liable were caused by the "invasion of water or moisture." The scope of the preclusive effect of this Court's ruling in the April 19 Memorandum that Evanston has no duty to indemnify is for another day, when and if liability of Nevco is established. This Court's ruling is issued without prejudice and is based on the petition in the underlying suit at the time the Court ruled. The Court does not intend to preclude Nevco from seeking indemnity from Evanston if Nevco is found liable on a theory that was not pleaded in Concierge's operative petition when construed broadly.

Nautilus's duty to indemnify Nevco is not justiciable at this time.  Because the underlying suit may not conclude for several years to come, given the number of defendants and the complexity of the claims asserted, Nevco's claim for indemnity against Nautilus will not be ripe for some time.  Nevco's duty to indemnify claim against Nautilus is therefore dismissed without prejudice.

The Court ruled on April 19 that Evanston has no duty to defend Nevco.  There is no dispute that final judgment is appropriate on this claim and the Court will enter judgment dismissing Nevco's duty to defend claim against Evanston with prejudice. For the reasons explained above, the issue of Evanston's duty to indemnify Nevco is in a slightly different posture.  The Court concluded in its April 19 Memorandum, on the basis of the facts alleged in the operative Concierge petition then pending in the underlying suit, that Evanston has no duty to indemnify Nevco because the analysis on that issue is identical to that governing the the duty to defend issue.  The Court therefore dismissed Nevco's duty to indemnify claim against Evanston without prejudice.  Nevco does not provide a persuasive reason to withhold final judgment on that ruling.

## II.    NEVCO'S CLAIMS AGAINST THE AGENCY DEFENDANTS

This diversity case was brought by Plaintiff Nautilus against Nevco for declaratory judgment rulings arising from a Nautilus insurance policy.  Nevco filed

a third-party complaint against the agency defendants, Leicht General Agency ("Leicht") and Texas Worldwide Insurance Agency ("Texas Worldwide"), but made no jurisdictional allegations.

The Court has dismissed all claims between Nevco and Nautilus (and between Nevco and Evanston), all the claims on which this Court's diversity jurisdiction rested.  The Court must consider the current bases for subject matter jurisdiction over the  remaining claims.  *See* 28 U.S.C. § 1367(a).

Under 28 U.S.C. § 1332(a), district courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between (1) "citizens of different States" or (2) "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(1), (2).  The diversity of citizenship provision for subject matter jurisdiction requires that the diversity be complete. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1064 (5th Cir.), *cert. denied*, 506 U.S. 867 (1992). Nevco makes no jurisdictional allegations in the Third Party Complaint or in its submissions in response to the Court's Order to Show Cause.  In any event, "[t]he burden of establishing federal jurisdiction rests on the party seeking the federal forum.  For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties.  Failure adequately

to allege the basis for diversity jurisdiction mandates dismissal." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (footnote omitted).  Nevco has not met its burden to plead jurisdictional facts.  In any event, the facts alleged in the Third Party Complaint and the Court's independent research of publicly available information about the Third Party Defendants strongly suggest that they are local entities and Texas citizens.[7]  The Court concludes that Nevco has not established that diversity jurisdiction exists over the third party claims.

Nevco apparently relies instead on supplemental jurisdiction under 28 U.S.C. § 1367(a).  Under § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "Such supplemental jurisdiction shall include claims that involve the joinder . . . of additional parties."  28 U.S.C.§ 1367(a); *but see* 28 U.S.C. § 1367(b) (joinder of new parties by the plaintiff that will destroy court's jurisdiction is not permitted).[8]  The Court has the authority to retain the third party

---

[7]   For instance, both Leicht and Texas Worldwide have Houston, Texas office address listed in the SBC Greater Houston Business White Pages, as well as phone numbers with a Houston, Texas "281" area code.  Further, the allegedly wrongful acts appear to have occurred in Texas.

[8]   "Where, as here, the district court's original jurisdiction is based solely on diversity, the district court does *not* have supplemental jurisdiction 'over claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24' when 'exercising supplemental
(continued...)

claims under the doctrine of supplemental jurisdiction.   28 U.S.C. § 1367(a).

However, it has no obligation to do so.  Under 28 U.S.C. § 1367(c)(3), the Court may

decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims.

*See Bass v. Parkwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999).  "In cases where

all of the federal claims are dismissed before trial, the general rule is that a district

court may decline to exercise supplemental jurisdiction if the court has dismissed all

claims over which it had pendent jurisdiction."  *Priester v. Lowndes County*, 354 F.3d

414, 425 (5th Cir. 2004).

Nevco's third party claims are more properly dealt with in the state courts of

Texas.  *See Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998),

*cert. denied*, 119 S. Ct. 1575 (1999) ("Certainly, if the federal claims are dismissed

before trial, . . . the state claims should be dismissed as well."); *Parker & Parsley*

*Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general

rule is to dismiss state claims when the federal claims to which they are pendent are

dismissed.").  The Court has not addressed in any way and has no familiarity with the

matters in Nevco's third party claims against the agency defendants.  Indeed, the

---

[8]     (...continued)
        jurisdiction over such claims would be inconsistent with the jurisdictional requirements of
        [28 U.S.C. § 1332, the statutory grant of diversity jurisdiction].'" *State Nat'l Ins. Co. v.*
        *Yates*, 391 F.3d 577, 579 (5th Cir. 2004).

Court's sole involvement in this action thus far has been to determine whether insurers owe Nevco certain duties under insurance policies.  Nevco's third party claims are independent from the defensive coverage issues, involve parties different from the ones whose rights were previously addressed, and involve classically state law issues.  Therefore, the Court declines to exercise its supplemental jurisdiction over Nevco's third party claims against the agency defendants.

## III.   CONCLUSION AND ORDER

The Court previously ruled that Nautilus has a duty to defend Nevco. Nautilus's duty to indemnify Nevco is not justiciable at this time and that claim is dismissed without prejudice.  Nevco has not identified a valid substantive basis for attorney's fees or a reason to justify delay of entry of judgment on that ground.

The Court previously held that Evanston has no duty to defend Nevco and this claim is dismissed with prejudice.  The Court clarifies its earlier ruling that Evanston has no duty to indemnify Nevco based on the allegations in the *Concierge* operative petition and this claim is dismissed without prejudice.

Nevco has failed to demonstrate that the Court has original jurisdiction over Nevco's claims against Leicht and Texas Worldwide.  In any event,  because Nevco and Leicht appear to be citizens of Texas, there is no complete diversity of citizenship and there is no diversity jurisdiction under 28 U.S.C. §  1332.  The Court exercises

its discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Nevco's third party claims against Leicht and Texas Worldwide, and those claims are dismissed without prejudice.

Evanston's Motion to Sever and Nautilus's Motion for Entry of Rule 54(b) Certificate and/or Entry of Sua Sponte Summary Judgment against the agency defendants are accordingly denied as moot.  It is hereby

**ORDERED** that all claims before this Court among Nautilus Insurance Company, Evanston Insurance Company and Nevco have been resolved and the Court will enter final judgment on those claims.  It is further

**ORDERED** that Nevco has not shown a basis under the Texas Declaratory Judgment Act for attorney's fees in this case.  In any event, the Court may address attorney's fees, if appropriate, after entry of judgment.  It is further

**ORDERED** that Nevco's claims against Leicht General Agency and Texas Worldwide Insurance Agency are **DISMISSED without prejudice**.  It is further

**ORDERED** that Nautilus's Motion for Entry of Rule 54(b) Certificate and/or Entry of Sua Sponte Summary Judgment against the agency defendants is **DENIED as moot**.  It is further

**ORDERED** that Evanston's Motion to Sever is **DENIED as moot**.

SIGNED this **3rd day** of **August, 2005.**

Nancy F. Atlas
United States District Judge